UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

FILED
05/8/2026
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

TERONE JOHNSON,

Plaintiff,

v.

AT&T INC.,

Defendant.

Case No. 1:26-cv-949-RLY-MG

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY DEMAND

## INTRODUCTION

1. Plaintiff Terone Johnson ("Plaintiff") brings this action against Defendant AT&T Inc. ("AT&T" or "Defendant") seeking redress for AT&T's gross negligence and fraudulent concealment regarding a massive data breach that occurred in or around 2019 but was concealed from the public until March 2024.

2. For nearly five years, AT&T knowingly allowed Plaintiff's most sensitive personal information including his Social Security number, date of birth, and full name to circulate on the dark web while keeping Plaintiff in the dark.

3. As a direct and proximate result of AT&T's failure to secure Plaintiff's data and its conscious decision to conceal the breach, Plaintiff has fallen victim to severe identity theft. This includes the fraudulent opening of a credit account at Pentagon Federal Credit Union with a

balance of $101,695.00, ongoing fraudulent charges for identity monitoring subscriptions, and significant damage to his creditworthiness and financial reputation.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Plaintiff resides in this District, experienced the harm of identity theft in this District, and the consequences of Defendant's negligence and concealment were felt in this District.

## PARTIES

6. Plaintiff Terone Johnson is an individual citizen of the State of Indiana, residing in Indianapolis, Marion County, Indiana.

7. Defendant AT&T Inc. is a Delaware corporation with its principal place of business located at 208 S. Akard Street, Dallas, Texas 75202. Defendant is registered to do business in the State of Indiana and may be served through its registered agent, CT Corporation System, 334 N. Senate Avenue, Indianapolis, IN 46204.

## FACTUAL ALLEGATIONS

### AT&T's Data Collection and Security Obligations

8. As part of its business operations as a major telecommunications provider, AT&T collected massive amounts of personally identifiable information ("PII") from millions of customers, including Plaintiff.

9. This PII included highly sensitive data such as full names, Social Security numbers, dates of birth, mailing addresses, phone numbers, email addresses, AT&T account numbers, and account passcodes.

10. By collecting this sensitive information, AT&T assumed a legal and ethical duty to protect it from unauthorized access and disclosure. AT&T promised its customers that it would maintain reasonable security measures to safeguard their personal data.

11. Despite these obligations and promises, AT&T failed to implement and maintain adequate cybersecurity protections, leaving Plaintiff's PII vulnerable to cybercriminals.

**B. The AT&T 1 Data Incident - 2019 Breach**

12. In or around 2019, cybercriminals successfully breached AT&T's computer systems and/or the systems of its third-party vendors.

13. In this incident, now known as the "AT&T 1 Data Incident," hackers accessed and exfiltrated the sensitive PII of approximately 73 million current and former AT&T customers.

14. The stolen dataset included Plaintiff's full name, Social Security number, date of birth, address, phone number, email address, and account passcode.

15. AT&T discovered, or through the exercise of reasonable diligence should have discovered, this massive data breach in 2019 or shortly thereafter.

**C. AT&T's Five-Year Concealment of the Breach**

16. Despite knowing that millions of customer records had been compromised, AT&T deliberately concealed the breach from the public and affected customers, including Plaintiff.

17. AT&T did not publicly acknowledge the breach or notify Plaintiff until March 30, 2024, nearly five years after the incident occurred.

18. During this five-year period of concealment, Plaintiff's stolen PII was circulating on the dark web, where cybercriminals openly sold and traded his personal information.

19. Because AT&T concealed the breach, Plaintiff was unaware that his PII was compromised and was therefore prevented from taking necessary protective measures, such as placing fraud alerts, freezing his credit, or monitoring his accounts for suspicious activity.

20. Emboldened by the availability of this data, one or more identity thieves used Plaintiff's stolen AT&T data to open fraudulent financial accounts beginning in 2024.

21. AT&T's unconscionable delay in notification violated its duties under common law and statutory obligations, including Indiana Code § 24-4.9.

**D. The Fraudulent Pentagon Federal Credit Union Account**

22. On or about December 1, 2024, an identity thief utilizing the PII stolen from AT&T opened a fraudulent account in Plaintiff's name at Pentagon Federal Credit Union ("PenFed").

23. This fraudulent account, identified by account number ending in 545421X, accumulated an outstanding fraudulent balance of $101,695.00.

24. Plaintiff never applied for, authorized, used, or benefited from this PenFed account.

25. The fraudulent account was reported to major credit bureaus, including Equifax and Experian, appearing as a severe delinquency and/or collection account managed by Security Credit Service ("SECCREDIT").

26. Plaintiff discovered this massive fraudulent debt only upon reviewing his credit report, by which time severe damage to his credit score had already occurred.

**E. Additional Identity Theft Damages**

27. Following the identity theft facilitated by AT&T's breach, Plaintiff began experiencing recurring fraudulent charges on his personal bank accounts.

28. Specifically, unauthorized charges from "IIC IDENT YIQ.COM 877-8754347 NV" in the amount of $26.99 appeared repeatedly for over 13 months. These charges represent unauthorized identity monitoring service subscriptions initiated by the identity thief.

29. The total cost of these fraudulent subscription charges exceeds $350.87.

30. To mitigate the devastating impact on his financial life, Plaintiff was forced to engage Collins Academy for professional credit repair services, incurring an out-of-pocket cost of $997.00, which was paid on May 31, 2025.

31. Plaintiff has spent countless hours disputing the fraudulent accounts, filing police reports, and attempting to restore his good name. He continues to suffer from significant anxiety, emotional distress, and fear of further victimization.

32. Plaintiff's credit score remains damaged, severely affecting his ability to obtain loans, secure housing, and pursue employment opportunities.

**F. Plaintiff's Exclusion from Class Action Settlement**

33. In 2025, AT&T entered into a class action settlement agreement valued at approximately $177 million to resolve claims arising from the 2019 and 2024 data breaches.

34. This settlement provided severely limited compensation to class members, generally capping documented loss claims at $5,000 to $7,500, an amount wholly insufficient to cover Plaintiff's six-figure damages.

35. On or before November 17, 2025, Plaintiff timely and validly filed a Request for Exclusion (Opt-Out) from the class action settlement.

36. By exercising his right to opt out, Plaintiff preserved his right to pursue individual claims against AT&T for the full measure of his damages, including compensatory and punitive damages.

**G. Causation**

37. But for AT&T's negligent data security practices and its five-year concealment of the breach, Plaintiff's identity would not have been stolen in this manner.

38. The fraudulent PenFed account was opened in December 2024, just months after AT&T finally disclosed the breach in March 2024, demonstrating a clear temporal link and direct causation.

39. Plaintiff's damages were the foreseeable and direct consequence of AT&T's failure to protect the PII entrusted to it.

## CAUSES OF ACTION

### COUNT I

### NEGLIGENCE

40. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

41. AT&T owed a duty to Plaintiff to exercise reasonable care in collecting, storing, and protecting his sensitive personal information.

42. AT&T breached this duty by failing to implement and maintain adequate cybersecurity measures to prevent unauthorized access to its systems.

43. AT&T's breach of duty directly and proximately caused Plaintiff to suffer significant damages, including financial loss, identity theft, and emotional distress.

**COUNT II**

**GROSS NEGLIGENCE**

44. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.
45. AT&T's conduct constituted gross negligence, demonstrating a reckless disregard for the safety and security of Plaintiff's personal information.
46. AT&T knew or should have known that its inadequate security protocols would inevitably lead to a data breach and subsequent identity theft.
47. Furthermore, AT&T's conscious decision to conceal the breach for five years evinces a willful and wanton disregard for Plaintiff's rights, justifying the imposition of punitive damages.

**COUNT III**

**FRAUDULENT CONCEALMENT**

48. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.
49. AT&T intentionally concealed the existence of the 2019 data breach from Plaintiff and the public.
50. AT&T had a duty to disclose the breach under Indiana law and common law principles but deliberately withheld this material information for nearly five years.
51. AT&T intended to prevent Plaintiff from learning of the breach to avoid liability and reputational damage.

52. Plaintiff justifiably relied on AT&T to disclose security incidents affecting his data. As a result of this concealment, Plaintiff was unable to take protective measures, directly leading to his damages. This fraudulent concealment tolls any applicable statute of limitations.

**COUNT IV**

**NEGLIGENCE PER SE**

53. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

54. Indiana Code § 24-4.9 requires data owners to disclose security breaches to affected Indiana residents "without unreasonable delay."

55. AT&T violated this statute by waiting nearly five years to disclose the breach.

56. Plaintiff belongs to the class of persons the statute was intended to protect, and the harm suffered identity theft and financial loss is the type of harm the statute was designed to prevent. AT&T's violation constitutes negligence per se.

**COUNT V**

**BREACH OF CONTRACT / IMPLIED CONTRACT**

57. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

58. Through its Terms of Service and Privacy Policy, AT&T entered into a contractual agreement with Plaintiff, promising to protect customer data and maintain reasonable security.

59. Plaintiff provided his personal information and paid for services in exchange for these promises.

60. AT&T breached this contract and the implied covenant of good faith and fair dealing by failing to maintain adequate security, resulting in the theft of Plaintiff's data.

**COUNT VI**

**UNJUST ENRICHMENT**

61. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

62. AT&T received substantial benefits from Plaintiff, including service fees and valuable personal data, which it used for its commercial benefit.

63. It would be inequitable and unjust for AT&T to retain these benefits without compensating Plaintiff for the harm caused by its failure to provide the promised data security.

**COUNT VII**

**VIOLATION OF INDIANA DECEPTIVE CONSUMER SALES ACT**

64. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

65. Indiana Code § 24-5-0.5-3 prohibits deceptive acts and practices in connection with consumer transactions.

66. AT&T made false and misleading representations regarding the security of its data systems. Furthermore, its five-year concealment of the breach constituted a deceptive act.

67. Plaintiff relied on AT&T's representations when providing his personal information. AT&T's deceptive acts proximately caused Plaintiff's damages.

**COUNT VIII**

**VIOLATION OF INDIANA DATA BREACH NOTIFICATION LAW**

68. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

69. Indiana Code § 24-4.9 mandates that data base owners disclose security breaches "without unreasonable delay."

70. AT&T's delay of nearly five years was unreasonable as a matter of law and was done knowingly and willfully.

71. This violation directly harmed Plaintiff by denying him the opportunity to protect his identity. Plaintiff seeks all available civil remedies and penalties under Indiana Code § 24-4.9.

**PRAYER FOR RELIEF**

72. WHEREFORE, Plaintiff TERONE JOHNSON respectfully requests that this Court enter judgment in his favor and against Defendant AT&T INC. as follows:

• Compensatory damages in an amount to be determined at trial, including but not limited to:

• $101,695.00 for the fraudulent Pentagon Federal Credit Union account;

• $997.00 for credit repair services;

• $350.87+ for fraudulent recurring charges;

• Damages for credit score harm and diminished creditworthiness;

• Damages for lost time and opportunity;

• Damages for emotional distress, anxiety, and mental anguish; and

• Costs of future credit monitoring and identity theft protection services.

• Punitive damages in an amount sufficient to punish AT&T's gross negligence and five-year concealment and to deter similar conduct;

• Statutory damages under Indiana Code § 24-4.9-4-1 (up to $150,000);

• Attorney's fees and costs under Indiana Code § 24-5-0.5-5 and § 24-4.9-4-1;

• Pre-judgment and post-judgment interest at the maximum legal rate; and

• Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

73. Plaintiff TERONE JOHNSON hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

***/s/ Terone Johnson***

Terone Johnson

10552 Milton Court

Fishers, Indiana 46040

Telephone: (317) 600-8740

Email: terone@lhbindy.com

**Plaintiff, Pro Se**

**CERTIFICATE OF SERVICE**

I hereby certify that on ____________________, a copy of the foregoing Complaint and Jury Demand was served upon Defendant AT&T INC. by certified mail at

___________________________________________.

***/s/ Terone Johnson***

Terone Johnson